# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

|  |  |  |
|---|---|---|
| MINISTER I-RAGUEL HANANIAH: | ) | |
| IBN YAHWEH a/k/a | ) | |
| ANDRE DALE GRAHAM, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 12-3074-JDT-tmp |
| | ) | |
| SHELBY COUNTY GOVERNMENT, | ) | |
| ET AL., | ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## FOR PARTIAL DISMISSAL AND DIRECTING THAT PROCESS BE ISSUED
## AND SERVED ON THE REMAINING DEFENDANTS

Plaintiff Andre Dale Graham, who identifies himself as "Minister I-Raguel Hananiah: Ibn Yahweh Secured Party Creditor UCC 1/207-308 Ex. Rel. Andre Dale Graham," filed a *pro se* civil complaint on December 13, 2012, accompanied by a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court subsequently granted leave to proceed *in forma pauperis*. (ECF No. 3.) The case was referred to the assigned U.S. Magistrate Judge on March 27, 2013, for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate. (ECF No. 4.) On November 14, 2014, Magistrate Judge Tu M. Pham issued a Report and Recommendation ("R&R") in which he recommended that portions of the complaint be dismissed and that process be

issued for the two remaining Defendants. (ECF No. 5.) Objections to the R&R were due within 14 days, on or before December 1, 2014. *See* Fed. R. Civ. P. 72(b)(2), *see also* Fed. R. Civ. P. 6(a)(1)(C), (d). However, Plaintiff has filed no objections.

In Plaintiff's complaint, he alleges that Defendants Steele and Thompson, who are identified as Shelby County Sheriff's Deputies, arrested him without probable cause on October 24, 2012, and subjected him to excessive force during the course of the arrest. He was taken to the Shelby County Jail and charged by Defendant Weirich, the District Attorney General for the Thirtieth Judicial District of Tennessee, with unspecified offenses that were allegedly false. Plaintiff does not state the disposition of those charges. Plaintiff also sued Shelby County and Shelby County Sheriff Bill Oldham.

The Magistrate Judge has recommended dismissal of all claims against Shelby County and all official capacity claims against the deputies and Sheriff Oldham on the basis that Plaintiff failed to adequately plead that his injuries were caused by a policy or custom of Shelby County. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Magistrate Judge Pham further found that the official capacity claims against Defendant Weirich are barred by the Eleventh Amendment's grant of sovereign immunity. *See Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987).

With regard to the individual capacity claims, the Magistrate Judge determined that Plaintiff failed to allege that Sheriff Oldham had sufficient personal involvement in the allegedly unconstitutional actions of his deputies. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). He further found the claims against Defendant Weirich in her individual

capacity are barred by absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). However, Magistrate Judge Pham determined that Plaintiff's claims against Defendants Steele and Thompson for false arrest and for use of excessive force during the course of the arrest should be allowed to go forward.[1]

Having reviewed the complaint and the law, the Court agrees with the Magistrate Judge's recommendation. Therefore, the Court ADOPTS the R&R. For the reasons stated therein, all claims against Defendants Shelby County, Oldham, and Weirich are DISMISSED for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The official capacity claims against Defendants Steele and Thompson are also DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Process will be issued for Defendants Steele and Thompson on the individual capacity claims for false arrest and excessive force.

Accordingly, it is ORDERED that the Clerk shall issue process for Defendant Steele, #3103, and Defendant Thompson and deliver that process to the U.S. Marshal for service. Service shall be made on Defendants Steele and Thompson pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rule of Civil Procedure 4.04(1) and (10), either by mail or personally if mail service is not effective. All costs of service shall be advanced by the United States.

It is further ORDERED that Plaintiff shall serve a copy of every subsequent document he files in this cause on the attorneys for each Defendant and on any unrepresented

---

[1] Plaintiff has also asserted various other claims, some allegedly based on specific statutes and others with no specific stated basis. None of these purported causes of action sufficiently states a claim on which relief may be granted.

Defendant. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[2]

Plaintiff shall promptly notify the Clerk, in writing, of any change of address. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

 s/ **James D. Todd**                    
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] A copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.