# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

---

MINISTER I-RAGUEL HANANIAH: )
IBN YAHWEH a/k/a ANDRE DALE )
GRAHAM, )
                             )
    Plaintiff, )      Civil No. 12-3074-JDT/tmp
                             )
v. )
                             )
SHELBY COUNTY GOVERNMENT, )
et al., )
                             )
    Defendants. )

---

## REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

---

Plaintiff is a resident of Memphis, Tennessee, who identifies himself as "Minister I-Raguel Hananiah: Ibn Yahweh Secured Party Creditor UCC 1/207-308 Ex. Rel. Andre Dale Graham" (hereinafter "Graham").  On December 13, 2012, Graham filed a *pro se* complaint alleging various causes of action against Shelby County Government, Shelby County Sheriff Deputies "Steele #3103" and "Thompson," Shelby County Sheriff William Oldham, and Shelby County District Attorney Amy Weirich, in their official and individual capacity.  The complaint cites to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 <u>et seq.</u>, and the Public Vessels Act, 46

U.S.C. § 31101 <u>et seq</u>.  On that same date, Graham filed a motion to proceed *in forma pauperis*.  In an order issued on December 19, 2012, the court granted Graham leave to proceed *in forma pauperis*.  (ECF No. 3.)  The case was referred to the United States Magistrate Judge for overall case management, including all pretrial matters for determination and/or report and recommendation under 28 U.S.C. § 636(b)(1).

On November 14, 2014, the undersigned issued a report and recommendation, recommending that all claims against Shelby County Government, Sheriff Oldham in his official and individual capacity, Deputy Steele and Deputy Thompson in their official capacity, and District Attorney Weirich in her official and individual capacity, be dismissed *sua sponte* pursuant to Local Rule 4.1(a) and 28 U.S.C. § 1915(e)(2)(B).  As for the remaining § 1983 claims against Deputy Steele and Deputy Thompson in their individual capacity, it was recommended that an order be entered directing the Clerk of Court to issue process for these two defendants and deliver that process to the Marshal for service. On December 5, 2014, the District Judge entered an order adopting the report and recommendation.  The December 5 order was mailed to Graham's mailing address, which is listed both on the first page of his complaint and on the last page of his

motion to proceed *in forma pauperis* as 1138 N. Germantown Pkwy, Suite 101-381, Memphis, Tennessee 38016. However, the envelope and court order were returned to the Clerk as undeliverable on December 12, 2014. The envelope was stamped "Return to Sender Not Deliverable As Addressed Unable to Forward."

Local Rule 7.1(a) provides that "All pleadings, motions, and other papers presented for filing . . . shall contain the [plaintiff's] name, address, telephone number, [and] email address, if any . . . ." It is incumbent upon any litigant, including a *pro se* litigant, to keep the court informed of his or her current address. See Barber v. Runyon, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (explaining *pro se* litigants have a duty to supply the court with notice of any and all changes in address) (citations omitted). Although some latitude may be extended to *pro se* litigants "dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that layperson[s] can comprehend as easily as a lawyer." Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991). In order to preserve a defendant's right to fair and timely resolution of litigation, *pro se* litigants should not "be accorded special consideration" when they fail to adhere to easily understood court deadlines

and requirements.  See id. at 110.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case if "the plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b).  Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits.  See Bragg v. Flint Bd. of Educ., 570 F.3d 775, 776 (6th Cir. 2009). "[I]t has long been recognized that this rule authorizes a district court's *sua sponte* dismissal of an action."  Overstreet v. Roane Cnty. Bd. of Educ., No. 3:08-cv-401, 2008 WL 5234044 at *1 (E.D. Tenn. Dec. 12, 2008) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962)).

Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.  See White v. City of Grand Rapids, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming district court's order dismissing *pro se* complaint without prejudice for want of prosecution because he failed to keep the court apprised of his current address); Buck v. U.S. Dept. of Agriculture, Farmers Home Admin., 960 F.2d 603, 608-09 (6th Cir. 1992) (dismissal upheld in part due to counsel's failure to advise the court of change of address); Harkleroad v. Astrue, No. 4:03-cv-15, 2011

-4-

WL 3627161, at *3 (N.D. Ohio Aug. 17, 2011) ("Indeed, dismissal for failure to prosecute may be appropriate when a *pro se* plaintiff fails to keep the court apprised of her current address."); <u>Torrance v. Aspirecard.com Inc.</u>, No. 1:09cv645, 2010 WL 3782167, at *1 (S.D. Ohio Sept. 28, 2010) ("[b]y failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action.") (citations omitted).   In light of Graham's failure to keep this court apprised of his current address, it is recommended that Graham's complaint be dismissed without prejudice pursuant to Rule 41(b).

The Clerk of Court is directed to send this report and recommendation by U.S. Mail to the plaintiff at his address of record.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

December 16, 2014
Date

## NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.   ANY PARTY MAY RESPOND TO ANOTHER PARTY=S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.   28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R.**

-5-

**72.1(g)(2).   FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**